# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CORNELIUS SMITH, et al., | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION 14-0107-WS-B |
| WERNER ENTERPRISES, INC., | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the defendant's motion for summary judgment as to plaintiff Cornelius Smith. (Doc. 9). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 10, 19, 20), and the motion is ripe for resolution. After careful consideration, the Court concludes that the motion is due to be denied.

## BACKGROUND

Smith and other plaintiffs filed this FLSA action on March 10, 2014, alleging that the defendant has not paid them overtime compensation to which they are entitled. (Doc. 1). On May 7, 2014, the defendant filed the instant motion, asserting that Smith is judicially estopped from seeking monetary compensation for any overtime violation because he had not disclosed this claim in his Chapter 13 bankruptcy proceedings.

Smith filed his petition in December 2011. The plan was confirmed in May 2012, and it remains in effect until approximately May 2017. (Docs. 10-2, 10-4). On May 20, 2014, the plaintiff amended his bankruptcy filings to reflect his FLSA claim. (Doc. 19-2).

# DISCUSSION

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). The moving party may meet its burden in either of two ways: (1) by "negating an element of the non-moving party's claim"; or (2) by "point[ing] to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden." *Id*. "Even after *Celotex* it is never enough simply to state that the non-moving party cannot meet its burden at trial." *Id*.; *accord Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000); *Sammons v. Taylor*, 967 F.2d 1533, 1538 (11th Cir. 1992).

"When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. [citation omitted] In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof, no reasonable jury could find for the nonmoving party." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc) (emphasis in original); *accord Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).[1]

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if

---

[1] Judicial estoppel is an affirmative defense. *E.g., Mirando v. United States Department of Treasury*, 766 F.3d 540, 544 (6th Cir. 2014); *Nature Conservancy v. Wilder Corp.*, 656 F.3d 646, 650 (7th Cir. 2011); *Reed v. City of Arlington*, 650 F.3d 571, 576 (5th Cir. 2011); *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1227 (10th Cir. 2011).

any, showing the non-movant has made." *Fitzpatrick*, 2 F.3d at 1116; *accord Mullins*, 228 F.3d at 1313; *Clark*, 929 F.2d at 608.

"If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick*, 2 F.3d at 1116. "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

"Judicial estoppel is an equitable doctrine invoked at a court's discretion." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002). "[J]udicial estoppel is applied to the calculated assertion of divergent sworn positions. The doctrine is designed to prevent parties from making a mockery of justice by inconsistent pleadings." *Id*. (internal quotes omitted).

There are "two primary factors for establishing the bar of judicial estoppel." *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010). "First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." *Id*. (internal quotes omitted). "[T]hese factors are not exhaustive; rather, courts must always give due consideration to the circumstances of the particular case." *Id*.

It is uncontroverted that the plaintiff was unaware of any possible FLSA claim when he filed his Chapter 13 petition in December 2011 or when his plan was confirmed in May 2012. (Doc. 19-1). However, a Chapter 13 debtor has a continuing duty to amend his bankruptcy schedules to disclose new assets arising after his plan is confirmed but before he receives a discharge, and "a pending lawsuit seeking monetary compensation qualifies as an asset." *Robinson*, 595 F.3d at 1274-75.

It is uncontroverted that the plaintiff became aware of a potential FLSA claim in mid- to late February 2014. (Doc. 19-1). He filed the instant action on March 10 and amended his bankruptcy schedules to reflect the existence of his FLSA claim on May 20. In *Ajaka v. BrooksAmerica Mortgage Corp.*, 453 F.3d 1339 (11th Cir. 2006), the plaintiff learned of a possible TILA claim on January 3, filed a TILA action on April 11, and amended his Chapter 13 bankruptcy schedules to reflect the TILA claim on June 20. *Id*. at 1342-43. The Eleventh Circuit noted that "[t]here is no question that Ajaka failed to timely amend his Chapter 13 reorganization plan …." *Id*. at 1344. The Court concludes that the plaintiff likewise failed to amend his bankruptcy schedules in a timely manner. He "therefore took inconsistent positions … under oath in a prior proceeding." *Id*.; *accord Robinson*, 595 F.3d at 1275 ("*Ajaka* held that failure to timely amend a Chapter 13 reorganization plan to reflect a pending claim while simultaneously purs[u]ing that claim in another court of law constitutes inconsistent positions under oath."). The plaintiff makes no argument to the contrary.

"[T]he doctrine of judicial estoppel applies in situations involving intentional contradictions, not simple error or inadvertence." *Burnes*, 291 F.3d at 1286. The "requisite intent to mislead the bankruptcy court" need not be proved directly; rather, "deliberate or intentional manipulation can be inferred from the record." *Id*. at 1286-87. In particular, "the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks

knowledge of the undisclosed claims or has no motive for their concealment." *Robinson*, 595 F.3d at 1275 (internal quotes omitted).

The plaintiff plainly had knowledge of his FLSA claim, and "a financial motive to secret assets exists under Chapter 13 … because the hiding of assets affects the amount to be discounted and repaid." *DeLeon v. Comcar Industries, Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003). The defendant treats these two facts as dispositive, (Doc. 10 at 6-9), but they are not.

The defendant assumes that, if knowledge and motive are shown, inadvertence cannot be shown and intent to make a mockery of the judicial system is the only remaining conclusion available. The Court disagrees. The Eleventh Circuit has repeatedly identified knowledge and motive merely as "sufficient" evidence from which to "infer" the requisite intent. *See Barger*, 348 F.3d at 129 (the plaintiff's knowledge and motive "are sufficient evidence from which to infer her intentional manipulation"); *DeLeon*, 321 F.3d at 1292 (from knowledge and motive, "we can infer" intent to make a mockery of the judicial system); *Burnes*, 291 F.3d at 1287-88 ("[I]t is clear that the record in this case contains sufficient evidence from which to infer intentional manipulation by [the plaintiff]."). Such language suggests that an inference of intent from the existence of knowledge and motive is permissive only.

As noted by Judge Barkett in *Barger*, "*Burnes* and *De Leon* do not hold that the failure to meet the specific 'inadvertence criteria' automatically implies an intent to 'make a mockery of the judicial system.' Although a finding of inadvertence completely precludes judicial estoppel under *Burnes*, failure to meet the specific inadvertence criteria does not mean that judicial estoppel must apply." 348 F.3d at 1298 (Barkett, J., dissenting). And numerous sister courts have agreed that the inference of intent drawn from the existence of knowledge and motive is permissive only, not mandatory. *See Melton v. National Dairy Holdings, L.P.*, 2009 WL 653024 at *5 (M.D. Ala. 2009) (Moorer, M.J.); *Roots v. Morehouse School of Medicine, Inc.*, 2009 WL 4798217 at *7 (N.D. Ga. 2008); *Thompson v.*

5

*Quarles*, 392 B.R. 517, 527 (S.D. Ga. 2008); *Jackson v. Advanced Disposal Services, Inc.*, 2008 WL 958110 at *4 (M.D. Fla. 2008) (Covington, D.J.); *Snowden v. Fred's Stores, Inc.*, 419 F. Supp. 2d 1367, 1373 (M.D. Ala. 2006) (Thompson, D.J.); *Wheeler v. Florida Department of Corrections*, 2006 WL 2321114 at *6 n.7 (M.D. Fla. 2006) (Corrigan, D.J.).

Even if the inference of intent derived from knowledge plus motive is mandatory rather than permissive, the inference does not arise in every case but only "in general." *Robinson*, 595 F.3d at 1275. In *Robinson*, the Court stated that a trial court's finding of intent based on knowledge and motive can be "overturn[ed]" should the plaintiff "presen[t] sufficient evidence." *Id*. at 1276. In *Ajaka*, despite evidence of knowledge and motive, the Court ruled "there is insufficient proof of Ajaka's intent to support" summary judgment for the defendant based on judicial estoppel. 453 F.3d at 1346 & n.8. As *Robinson* and *Ajaka* make clear, other facts may appear in the record taking a particular case out of the general and supporting a determination that, despite knowledge and motive, the plaintiff did not harbor an intent to make a mockery of the judicial system – or at least creating a genuine issue of material fact in that regard. The Court concludes that this is such a case.

The following facts are key to the Court's determination. First, the plaintiff did not fail to disclose an existing claim in his original bankruptcy filings but failed to amend those filings in a timely manner once the claim arose. Second, the plaintiff did amend his bankruptcy schedules, and he did so barely two months after filing this action and barely three months after first hearing that he might have a claim. Third, his discovery of a claim, filing of a lawsuit, and amendment of his schedules all transpired in the second year of a confirmed five-year re-organization plan, and no events significant to the bankruptcy occurred, and no deadlines passed or were imminent, during this period. The facts of this case are thus unlike those of any of the Eleventh Circuit cases on which the defendant relies.

The plaintiff in *De Leon* failed to disclose an existing EEOC charge in his original schedules and then failed to amend his schedules when he filed suit. The plaintiff's non-disclosure lasted 17 months after filing his petition and 11 months after filing suit, and during this prolonged period of non-disclosure the plaintiff obtained confirmation of his Chapter 13 plan of re-organization. 321 F.3d at 1290-91.

The plaintiff in *Barger* failed to disclose an existing lawsuit in her original schedules and then failed to amend her schedules when she amended her complaint to seek compensatory and punitive damages. The plaintiff's non-disclosure lasted five to nine months after filing her petition and three to seven months after filing her amended complaint, and during this period the plaintiff was granted a complete discharge. 348 F.3d at 1291-92.

The plaintiff in *Burnes* failed to amend his schedules when he filed an EEOC charge and then a lawsuit. The plaintiff's non-disclosure never ended but, 36 months after filing his charge and 13 months after filing his lawsuit, he was granted a complete discharge. 291 F.3d at 1284.

The plaintiff in *Robinson* failed to amend her schedules when she filed a lawsuit. The plaintiff's non-disclosure never ended but, nine months after filing her lawsuit, she was granted a full discharge. 595 F.3d at 1272.[2]

The difference between the failure to disclose an existing claim in an original filing and the actual but untimely disclosure of a new claim in an amended filing is significant. The former involves the judicial submission of an affirmative misrepresentation, one that is wrong when filed and that is never corrected. The

---

[2] This case is also unlike *Hands v. Winn-Dixie Stores, Inc.*, 2010 WL 4496798 (S.D. Ala. 2010), a decision of the Court often cited by the defendant. The plaintiff in *Hands* failed to disclose an existing EEOC charge in his original schedules and then failed to amend his schedules when he filed suit. The plaintiff's non-disclosure lasted 34 months after filing his petition and eleven months after filing suit, and during this prolonged period of non-disclosure the plaintiff obtained confirmation of his Chapter 13 plan of re-organization. *Id*. at *1-2, *3, *5.

7

latter involves the judicial submission of an accurate representation that later events cause to become inaccurate and that is eventually corrected. *See Snowden*, 419 F. Supp. 2d at 1373 (the plaintiff "did not affirmatively misrepresent that her claims did not exist [but] merely failed to amend her schedule for four months after she learned about the claims"); *Roots*, 2009 WL 4798217 at *7 ("The failure to amend does not create the same inference as the case where the debtor has knowledge of or has filed his non-bankruptcy claim prior to filing for Chapter 13 bankruptcy.").

The length of time a misstatement remains uncorrected is also significant. The longer a debtor permits a misrepresentation to remain, the stronger the inference that the reason is intent. This is especially so when an initially accurate schedule becomes wrong due to subsequent events, since there is no precise deadline for amending schedules and since it is no more uncommon or suspicious to briefly delay filing an amended schedule than it is to delay filing an original petition or any other pleading. The *Ajaka* Court found that two months and nine days between the filing of suit and the submission of amended schedules did not constitute timely amendment, 453 F.3d at 1343, 1344, but it also deemed that time period sufficiently short to suggest a lack of intent to make a mockery of the judicial system. *Id*. at 1346. The delay here was two months and ten days. "Judicial estoppel does not operate because a party did not move as quickly as she could have; it operates only against cold manipulation …." *Snowden*, 419 F. Supp. 2d at 1373-74 (finding a delay of four months, standing alone, too short to be conclusive as to intent).

The occurrence of key events, or the passage of key deadlines, while a debtor delays correcting a schedule is also significant, because it reflects the debtor's receipt of a benefit from his delay and supports an inference that he sought by delay to obtain the benefit. Thus, in *Strauss v. Rent-A-Center, Inc.*, 192 Fed. Appx. 821 (11th Cir. 2006), the Court reversed the lower court's finding of

judicial estoppel because, unlike in *Barger*, "[t]he bankruptcy court never entered any order discharging any of Strauss's debts." *Id*. at 823.[3]

The defendant argues that judicial estoppel must apply here because the plaintiff did not amend his bankruptcy schedules until after the defendant filed the instant motion. (Doc. 20 at 2-3). "Such a bright-line rule, however, represents an unprecedented extension of judicial estoppel," and such evidence "has never been treated as dispositive proof of intent to mislead." *Snowden*, 419 F. Supp. 2d at 1374. When, as in the defendant's cited cases, the passage of substantial time and the receipt of benefit have already occurred, the debtor's amendment in response to a motion for summary judgment on judicial estoppel grounds cannot easily undo their damage. Here, however, the plaintiff amended his schedules barely two months after suit was filed and long before any possible benefit from non-disclosure could be realized. In light of those circumstances, that the plaintiff amended after the defendant asserted judicial estoppel is at best ambiguous. Because this matter is before the Court on motion for summary judgment, the defendant does not win in the face of ambiguity.

## CONCLUSION

For the reasons set forth above, the defendant's motion for summary judgment is **denied**.

DONE and ORDERED this 21st day of November, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] "The application of judicial estoppel does not *require* that the nondisclosure must lead to a different result in the bankruptcy proceeding." *Robinson*, 595 F.3d at 1275 (emphasis added). The failure to affect the result, however – and in this case, the absence of any real possibility of affecting the result – is a circumstance that may weigh in the determination whether the plaintiff intended to make a mockery of the judicial system.