IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CORNELIUS SMITH, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION  14-0107-WS-B |
| | ) |
| WERNER ENTERPRISES, INC., | ) |
| | ) |
|     Defendant. | ) |

## ORDER

This matter is before the Court on the parties' motions for partial summary judgment.  (Docs. 86, 93).  The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 87-89, 94-95, 99-100, 107-08), and the motions are ripe for resolution.  This order addresses only the issue, made a basis of the defendant's motion, of the applicable workweek.  After careful consideration, the Court concludes that the defendant's motion as to this issue is due to be denied.

## BACKGROUND

This is the second FLSA action brought by plaintiffs employed by the defendant to provide certain trucking services to a non-party ("Boise") that operates a paper mill in Jackson, Alabama.  *See Pritchett v. Werner Enterprises, Inc.*, Civil Action No. 12-0182-WS-C.  In *Pritchett*, as here, the parties disagreed as to the applicable workweek.  The plaintiffs claimed a Monday-Sunday workweek (resulting in 44 hours of overtime every other workweek on their normal work schedule), while the defendant asserted a Friday-Thursday workweek (resulting in eight hours of overtime every other workweek).  The parties filed

competing motions for summary judgment on this issue, which the Court denied after finding genuine issues of material fact. (*Id.*, Doc. 105).

## DISCUSSION

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). The moving party may meet its burden in either of two ways: (1) by "negating an element of the non-moving party's claim"; or (2) by "point[ing] to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden." *Id*. "Even after *Celotex* it is never enough simply to state that the non-moving party cannot meet its burden at trial." *Id.*; *accord Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000); *Sammons v. Taylor*, 967 F.2d 1533, 1538 (11th Cir. 1992).

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993); *accord Mullins*, 228 F.3d at 1313; *Clark*, 929 F.2d at 608.

"If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick*, 2 F.3d at 1116. "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address

another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

There is no burden on the Court to identify unreferenced evidence supporting a party's position.[1]  Accordingly, the Court limits its review to the exhibits, and to the specific portions of the exhibits, to which the parties have expressly cited.  Likewise, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment," *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995), and the Court accordingly limits its review to those arguments the parties have expressly advanced.

"Except as otherwise provided in this section, no employer shall employ any of his employees … for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(1).  The FLSA does not define the term "workweek."  The Department of Labor ("DOL") provides the following guidance:

> An employee's workweek is a fixed and regularly recurring period

---

[1] Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."); *accord Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("The district court has discretion to go beyond the referenced portions of these [summary judgment] materials, but is not required to do so.").  "[A]ppellate judges are not like pigs, hunting for truffles buried in briefs," and "[l]ikewise, district court judges are not required to ferret out delectable facts buried in a massive record …." *Chavez v. Secretary, Florida Department of Corrections*, 647 F.3d 1057, 1061 (11th Cir. 2011) (internal quotes omitted).

> of 168 hours – seven consecutive 24-hour periods. It need not coincide with the calendar week but may begin on any day and at any hour of the day. For purposes of computing pay due under the [FLSA], a single workweek may be established for a plant or other establishment as a whole or different workweeks may be established for different employees or groups of employees. Once the beginning time of an employee's workweek is established, it remains fixed regardless of the schedule of hours worked by him. The beginning of the workweek may be changed if the change is intended to be permanent and is not designed to evade the overtime requirements of the Act.

29 C.F.R. § 778.105.

Neither the FLSA nor the DOL regulations specify how a workweek is to be "established." *E.g., Abshire, v. Redland Energy Services, LLC*, 695 F.3d 792, 795 (8th Cir. 2012) ("[T]he FLSA does not prescribe how an employer must initially establish its 'workweek' for overtime purposes …."). The defendant argues that its workweek is established (or at least reflected) by its employee handbook, which provides that "Werner Enterprises' work week runs from Friday to Thursday with pay periods every other Friday." (Doc. 89-4 at 7). It is uncontroverted that every version of the employee handbook in effect during the time relevant to this lawsuit contains this provision. (Doc. 89-7).

The plaintiffs attempt to distance themselves from the handbook, pointing out that some of them were employed by the defendant as over-the-road drivers before being "transferred to the Boise dedicated service." (Doc. 100 at 16). Though their point is obscure, they appear to suggest that the employee handbook on which the defendant relies did not apply to over-the-road drivers. This may be correct (the plaintiffs cite no evidence to prove the point), but it is also irrelevant, because each of the plaintiffs became subject to the employee handbook when hired for, or transferred into, service of the defendant's contract with Boise. (Doc. 87 at 3-4 & 4 n. 21).

The plaintiffs lavish most of their energy on an effort to show that, despite the employee handbook, the defendant in fact established a Monday-Sunday

4

workweek as to drivers under the Boise contract. They first cite two ancillary documents that, correctly, describe the plaintiffs' work schedule as running Monday through Sunday. (Doc. 100 at 14-15). Work schedule and workweek, however, are separate concepts, and there is no logical or legal requirement that the two be identical. *E.g., Johnson v. Heckmann Walter Resources (CVR), Inc.*, 758 F.3d 627, 630, 633 (5th Cir. 2014); *Abshire*, 695 F.3d at 796; *Johnson v. Phoenix Group, LLC*, 2013 WL 1345799 at *3 (S.D. Ohio 2013) (because "regulations make clear that the term 'workweek' is not necessarily synonymous with an employee's work schedule …, the mere fact that Plaintiffs worked seven consecutive days, in and of itself, is not evidence that those seven consecutive workdays constitute the employer's designated workweek.").

The plaintiffs' next argument, based on the FLSA's recordkeeping requirements, proves more fruitful.

> (a) Items required. Every employer shall maintain and preserve payroll or other records containing the following information and data with respect to each employee to whom section 6 or both sections 6 and 7(a) of the Act apply:
> …
> (5) Time of day and day of week on which the employee's workweek begins …,
> …
> (7) Hours worked each workday and total hours worked each workweek ….

29 C.F.R. § 516.2(a)(5), (7). The only records produced by the defendant that could satisfy these requirements, the plaintiffs say, are daily reports, which do not reflect a Friday-Thursday workweek. Instead, these reports, which include an employee's name, his or her start and end time and hours on the clock, appear uniformly to begin on Monday and end on the next Sunday. (Doc. 100-4). The plaintiffs conclude that, since the defendant is legally obligated to keep records of the day and time the workweek begins and of the total hours worked each workweek, and since the daily reports are the only records that could satisfy this legal requirement, they are evidence that the defendant established a Monday-

Sunday workweek for them. (Doc. 100 at 15). Even though the *Pritchett* plaintiffs raised the same argument, and even though the Court credited that argument,[2] the defendant ignores it. The Court therefore again credits it.

Work under the Boise contract began in May 2010. The plaintiffs argue that how the defendant paid its drivers under that contract in May 2010 is inconsistent with a Friday-Thursday workweek and thus established a different, Monday-Sunday workweek, which the defendant has never effectively altered. (Doc. 100 at 16-17). The Court agrees that the plaintiffs' evidence would support the inferences for which they contend.[3]

The defendant moves to strike the plaintiffs' evidence, on the grounds it is irrelevant since the drivers on whose May 2010 experience they rely are not plaintiffs in this lawsuit. (Doc. 105). For reasons explained in the preceding paragraph and accompanying note, the defendant is incorrect; the evidence is relevant to the workweek the defendant established for the class of employees that includes the plaintiffs.

The defendant's only other response to the plaintiffs' evidence is the unexplained one-liner that the evidence "does not coincide with a Monday through Sunday workweek." (Doc. 107 at 5). "[D]istrict courts should not be expected to construct full blown claims from sentence fragments,"[4] and the Court declines to guess at how the defendant arrives at its conclusion. In any event, the argument misses the point. The defendant has moved for a summary judgment establishing

---

[2] (*Pritchett*, Doc. 105 at 7-8).

[3] The employee handbook, with its general designation of a Friday-Thursday workweek, precedes the Boise contract. (Doc. 89-7). Thus, the defendant's conduct in May 2010 could have carved out from the handbook's reach a different workweek for drivers under the Boise contract, as Section 778.105 permits. Without some clear subsequent action by the defendant to establish a Friday-Thursday workweek for such drivers (and the mere continued existence of the handbook could not easily satisfy that standard), a Monday-Sunday workweek would remain in effect.

[4] *T.P. ex rel. T.P. v. Bryan County School District*, ___ F.3d ___, 2015 WL 4038715 at *5 (11th Cir. 2015).

the plaintiffs' workweek as Friday-Thursday, (Doc. 86), so merely showing it is not Monday-Sunday would fail to show it is instead Friday-Thursday.

The employee handbook reflects pay periods "every other Friday." (Doc. 89-4 at 7). The defendant presents evidence that, consistent with this statement, it pays the plaintiffs every other Friday for work in the preceding 14 days. (Doc. 87 at 7-10). The defendant then quotes *Johnson* for the proposition that "an employer's set pay period is *prima facie* evidence of the employer's established workweek." 2013 WL 1345799 at *3. Even if this is so, "the FLSA does not specifically require that a pay period and the workweek for FLSA overtime purposes must coincide," *id*., and the defendant does not explain how its pay period could neutralize the plaintiffs' evidence that it established a Monday-Sunday workweek for its drivers fulfilling the Boise contract.

To the extent the parties make additional arguments in support of their respective favored workweeks, they cannot eliminate the genuine issue of material fact generated by the matters discussed herein.

## CONCLUSION

For the reasons set forth above, the defendant's motion for summary judgment as to the issue of the applicable workweek is **denied**. The defendant's motion to strike, (Doc. 105), is also **denied**.

DONE and ORDERED this 21st day of July, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE