IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CORNELIUS SMITH, et al., | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION  14-0107-WS-B |
| | ) |
| WERNER ENTERPRISES, INC., | ) |
| | ) |
|    Defendant. | ) |

## ORDER

This matter is before the Court on the parties' motions for partial summary judgment.  (Docs. 86, 93).  The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 87-89, 94-95, 99-100, 107-08), and the motions are ripe for resolution.  This order addresses only the issues of the willfulness and liquidated damages.  After careful consideration, the Court concludes that the motions as to these issues are due to be denied.

## BACKGROUND

This is the second FLSA action brought by plaintiffs employed by the defendant to provide certain trucking services to a non-party ("Boise") that operates a paper mill in Jackson, Alabama.  *See Pritchett v. Werner Enterprises, Inc.*, Civil Action No. 12-0182-WS-C.  In *Pritchett*, the parties filed competing motions for summary judgment concerning the statute of limitations and liquidated damages, which the Court denied after finding genuine issues of material fact.  (*Id*., Doc. 106).

## DISCUSSION

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). The moving party may meet its burden in either of two ways: (1) by "negating an element of the non-moving party's claim"; or (2) by "point[ing] to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden." *Id*. "Even after *Celotex* it is never enough simply to state that the non-moving party cannot meet its burden at trial." *Id*.; *accord Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000); *Sammons v. Taylor*, 967 F.2d 1533, 1538 (11th Cir. 1992).

"When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. [citation omitted] In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof, no reasonable jury could find for the nonmoving party." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc) (emphasis in original); *accord Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made." *Fitzpatrick*, 2 F.3d at 1116; *accord Mullins*, 228 F.3d at 1313; *Clark*, 929 F.2d at 608.

"If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick*, 2 F.3d at 1116. "If the nonmoving

party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

There is no burden on the Court to identify unreferenced evidence supporting a party's position.[1]  Accordingly, the Court limits its review to the exhibits, and to the specific portions of the exhibits, to which the parties have expressly cited.  Likewise, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment," *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995), and the Court accordingly limits its review to those arguments the parties have expressly advanced.

**I. Willfulness.**

"[E]very such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of

---

[1] Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."); *accord Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("The district court has discretion to go beyond the referenced portions of these [summary judgment] materials, but is not required to do so.").  "[A]ppellate judges are not like pigs, hunting for truffles buried in briefs," and "[l]ikewise, district court judges are not required to ferret out delectable facts buried in a massive record …." *Chavez v. Secretary, Florida Department of Corrections*, 647 F.3d 1057, 1061 (11th Cir. 2011) (internal quotes omitted).

a willful violation may be commenced within three years after the cause of action accrued ….." 29 U.S.C. § 255(a).  The plaintiff moves for summary judgment as to this issue.  (Doc. 93 at 1).

"To establish that the violation of the Act was willful in order to extend the limitations period, the employee must prove by a preponderance of the evidence that his employer either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc*., 515 F.3d 1150, 1162-63 (11th Cir. 2008).  "The Code of Federal Regulations defines reckless disregard as the 'failure to make adequate inquiry into whether conduct is in compliance with the Act.'" *Id*. (quoting 5 C.F.R. § 551.104); *accord Davila v. Menendez,* 717 F.3d 1179, 1185 (11th Cir. 2013) (an employer acts with reckless disregard "'if the employer should have inquired further into whether [its] conduct was in compliance with the Act, and failed to make adequate further inquiry.'") (quoting 29 C.F.R. § 578.3(c)(3)).

According to the defendant, a violation is not willful when "the employer relies on advice of counsel." (Doc. 99 at 18-19).[2]  Among the requirements for successful reliance on advice of counsel is that the client "supply [counsel] with all of the information needed to arrive at an informed opinion on the subject." *Alvarez Perez*, 515 F.3d at 1168.  The Court agrees with the plaintiffs that the testimony of the defendant's witnesses concerning the solicitation and receipt of legal advice is sufficiently vague, porous and contradictory that a jury would be justified in finding that the defendant did not supply counsel with all the information needed to arrive at an informed opinion as to whether the drivers on

---

[2] Cutting and pasting from its brief in *Pritchett*, the defendant also says a violation is not willful when "case law is unclear" or when the employer relies on an industry standard.  (Doc. 99 at 18-19).  These sweeping statements are as insupportably overbroad today as they were two years ago, for reasons the Court has explained.  (*Pritchett*, Doc. 106 at 9-11).  Since the defendant does not advance these propositions as bases for denying the plaintiffs' motion, (Doc. 99 at 19-20), the Court need not consider them further.

the Boise contract could lawfully be paid no overtime.[3] But the Court disagrees that this evidence so strongly supports the plaintiffs that no properly functioning jury could fail to find willfulness under the governing standard. Accordingly, their motion for summary judgment as to willfulness is due to be denied.

## II. Liquidated Damages.

"Any employer who violates the provisions of … section 207 of this title shall be liable to the employee or employees affected in the amount of their … unpaid overtime compensation … and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Thus, "[w]hen the jury finds an employer has violated the overtime provision of the FLSA and assesses compensatory damages, the district court generally must add an award of liquidated damages in the same amount …." *Alvarez Perez*, 515 F.3d at 1163. The parties both seek summary judgment as to this issue. (Doc. 86 at 1; Doc. 93 at 1).

> [I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA], the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

29 U.S.C. § 260. "The employer bears the burden of establishing both the subjective and objective components of that good faith defense against liquidated damages." *Alvarez Perez*, 515 F.3d at 1163.[4]

---

[3] A properly functioning jury could also find that the defendant did not seek, and did not receive, any opinion that the Boise drivers were not covered by the FLSA or were exempt from its overtime requirements.

[4] A determination that the employer acted willfully precludes a finding that the employer acted in good faith so as to potentially escape liability for liquidated damages. *Davila*, 717 F.3d at 1186. Because the defendant's willfulness remains an open question, the Court cannot rely on this rule to resolve the liquidated damages issue. But neither must the Court await the jury's ruling on willfulness before resolving the parties' motions for summary judgment as to liquidated damages because, since "the burden of proof is

"To satisfy the subjective 'good faith' component, the employer has the burden of proving that it had an honest intention to ascertain what the Act requires and to act in accordance with it." *Davila*, 717 F.3d at 1186 (internal quotes omitted). "Apathetic ignorance is never the basis of a reasonable belief," and the objective component of the defense thus "requires some duty to investigate potential liability under the FLSA." *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 469 (5th Cir. 1979).

The defendant again relies on advice of counsel. (Doc. 99 at 22-23). As the Court has previously held, "[j]ust as failure to provide counsel the relevant facts can support a finding of willfulness, it may also reflect an inadequate investigation for purposes of objective good faith."[5] As discussed in Part I, the evidence would not compel a properly functioning jury to find that the defendant provided counsel the relevant facts and obtained a considered, legally relevant opinion concerning the lawfulness of not paying the Boise drivers overtime. The defendant's motion for summary judgment must thus be denied. But, as also indicated in Part I, a properly functioning jury would be justified in finding for the defendant on these points. Thus, the plaintiffs' motion for summary judgment must also be denied.

## CONCLUSION

For the reasons set forth above, the motions of the plaintiffs and the defendant for summary judgment as to the issues of willfulness and liquidated damages are **denied**.

DONE and ORDERED this 21st day of July, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

placed differently …, a finding that willfulness was not present may co-exist peacefully with a finding that good faith was not present." *Id*. (internal quotes omitted).

[5] (*Pritchett*, Doc. 106 at 13).