IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CORNELIUS SMITH, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 14-0107-WS-B |
| | ) |
| WERNER ENTERPRISES, INC., | ) |
| | ) |
|     Defendant. | ) |

## ORDER

This matter is before the Court on the parties' motions for partial summary judgment. (Docs. 86, 93). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 87-89, 94-95, 99-100, 107-08), and the motions are ripe for resolution. This order addresses only the issue, made a basis of the defendant's motion, of whether the plaintiffs may prove the amount of unpaid overtime compensation "by just and reasonable inference." (Doc. 87 at 18). After careful consideration, the Court concludes that the defendant's motion as to this issue is due to be granted.

## BACKGROUND

This is the second FLSA action brought by plaintiffs employed by the defendant to provide certain trucking services to a non-party ("Boise") that operates a paper mill in Jackson, Alabama. *See Pritchett v. Werner Enterprises, Inc.*, Civil Action No. 12-0182-WS-C. In *Pritchett*, as here, the parties disagreed as to whether the plaintiffs could prove their damages by estimate. The parties filed competing motions for summary judgment on this issue, and the Court granted the defendant's motion while denying the plaintiffs' motion. (*Id.*, Doc. 107).

## DISCUSSION

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). The moving party may meet its burden in either of two ways: (1) by "negating an element of the non-moving party's claim"; or (2) by "point[ing] to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden." *Id*. "Even after *Celotex* it is never enough simply to state that the non-moving party cannot meet its burden at trial." *Id*.; *accord Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000); *Sammons v. Taylor*, 967 F.2d 1533, 1538 (11th Cir. 1992).

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993); *accord Mullins*, 228 F.3d at 1313; *Clark*, 929 F.2d at 608.

"If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick*, 2 F.3d at 1116. "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

There is no burden on the Court to identify unreferenced evidence supporting a party's position.[1] Accordingly, the Court limits its review to the exhibits, and to the specific portions of the exhibits, to which the parties have expressly cited. Likewise, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment," *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995), and the Court accordingly limits its review to those arguments the parties have expressly advanced.

The Court thoroughly addressed this issue in *Pritchett* and ruled in favor of the defendant.[2] As the defendant notes, the relevant facts and law are the same now as they were then. The plaintiffs' perfunctory opposition exposes no error in the *Pritchett* treatment, and the Court detects none. Accordingly, the defendant's motion is **granted**. The plaintiffs may not invoke the methodology identified in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946). This ruling governs all further proceedings in this action, including trial.

DONE and ORDERED this 21st day of July, 2015.

                               s/ WILLIAM H. STEELE
                               CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."); *accord Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("The district court has discretion to go beyond the referenced portions of these [summary judgment] materials, but is not required to do so."). "[A]ppellate judges are not like pigs, hunting for truffles buried in briefs," and "[l]ikewise, district court judges are not required to ferret out delectable facts buried in a massive record …." *Chavez v. Secretary, Florida Department of Corrections*, 647 F.3d 1057, 1061 (11th Cir. 2011) (internal quotes omitted).

[2] The Court's order in *Pritchett* is attached as an appendix to this order.

APPENDIX

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RAWLEIGH PRITCHETT, et al.,        ) | |
| )                                                    | |
| Plaintiffs,                         ) | |
| )                                                    | |
| v.                                          ) | CIVIL ACTION 12-0182-WS-C |
| )                                                    | |
| WERNER ENTERPRISES, INC.,     ) | |
| )                                                    | |
| Defendant.                      ) | |

**ORDER**

This matter is before the Court on the parties' competing motions for summary judgment. (Docs. 76, 83). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 77-82, 84-88, 94-95, 97, 99), and the motions are ripe for resolution. This order addresses the issue of whether the plaintiffs may prove their damages "by reasonable estimates through Plaintiffs' testimony," (Doc. 85 at 7); other issues are addressed in other orders. After careful consideration, the Court concludes that the defendant's motion as to this issue is due to be granted and the plaintiffs' competing motion denied.

**BACKGROUND**

As set forth in the Court's order denying the defendant's previous motion for summary judgment on the exemption issue, (Doc. 54), the defendant was under contract to provide certain trucking services to a non-party ("Boise") that operates a paper mill in Jackson, Alabama. The twelve plaintiffs are or were employed by the defendant as truck drivers fulfilling this contract. The one-count complaint alleges the plaintiffs were not paid overtime compensation in compliance with the Fair Labor Standards Act ("FLSA" or "the Act"), specifically 29 U.S.C. § 207.

4

By previous order, the Court has ruled that the plaintiffs are not exempt employees. (Doc. 104).

## DISCUSSION

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). The moving party may meet its burden in either of two ways: (1) by "negating an element of the non-moving party's claim"; or (2) by "point[ing] to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden." *Id*. "Even after *Celotex* it is never enough simply to state that the non-moving party cannot meet its burden at trial." *Id*.; *accord Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000); *Sammons v. Taylor*, 967 F.2d 1533, 1538 (11th Cir. 1992).

"When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. [citation omitted] In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof, no reasonable jury could find for the nonmoving party." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc) (emphasis in original); *accord Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made." *Fitzpatrick*, 2 F.3d at 1116; *accord Mullins*, 228 F.3d at 1313; *Clark*, 929 F.2d at 608.

"If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick*, 2 F.3d at 1116.  "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment."  *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

There is no burden on the Court to identify unreferenced evidence supporting a party's position.[3]  Accordingly, the Court limits its review to the exhibits, and to the specific portions of the exhibits, to which the parties have expressly cited.  Likewise, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment," *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995), and the Court accordingly limits its review to those arguments the parties have expressly advanced.

> An FLSA plaintiff
>
> has the burden of proving that he performed work for which he was not properly compensated. …

---

[3] Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."); *accord Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("The district court has discretion to go beyond the referenced portions of these [summary judgment] materials, but is not required to do so.").

> When the employer has kept proper and accurate records the employee may easily discharge his burden by securing the production of those records. But where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes … an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). The *Anderson* Court emphasized that the Act requires the employer "to keep proper records of wages, hours and other conditions and practices of employment" and that the employer, rather than the employee, "is in position to know and to produce the most probative facts concerning the nature and amount of work performed." *Id*.

The Act delegates to the Department of Labor's Wage and Hour Administrator the responsibility of identifying the records that employers must maintain. 29 U.S.C. § 211(c). These include the following: "Time of day and day of week on which the employee's workweek begins …"; "Hours worked each workday and total hours worked each workweek …"; and "Date of payment and the pay period covered by payment." 29 C.F.R. § 516.2(5), (7), (12). The plaintiffs argue that the defendant has not kept or produced records satisfying these requirements and that this failure allows them to fall within Anderson. (Doc. 85 at 7-9).

The plaintiffs concede that the defendant has produced "daily reports," which "reflect days worked and the hours worked for those days." (Doc. 85 at 8). Each sample daily report submitted by the plaintiffs covers a seven-day period and provides the start time, end time, and total on-duty hours for the employee listed for each day of that seven-day period. (Plaintiffs' Exhibit 23). The plaintiffs

7

object that some of these records "do not reflect what year the entries are for." (Doc. 85 at 8). It is true that some of the reports show only days and months, but the plaintiffs themselves insist that these one-week reports "generally begi[n] on a Monday and end on a Sunday." (*Id*. at 12). Since it is uncontroverted that the plaintiffs' regular work schedule was Monday-Sunday on, followed by Monday-Sunday off, the daily reports – most of them reflecting seven consecutive days of work – obviously begin on a Monday, allowing the year to be easily determined. Moreover, from the sample the plaintiffs have provided, it is clear they can determine the year implicated by those reports not indicating the year by comparing them to similar reports for which the year is provided.[4] The plaintiffs do not allege that there are gaps in the daily reports or any other deficiency that would render them an unsuitable source for determining the days and hours each plaintiff worked.[5]

As to pay records, the defendant has produced check inquiry forms (which show the gross and net amount of each paycheck and the date of the check) and other pay records. (Plaintiffs' Exhibits 22, 24). The plaintiffs do not assert that these records preclude them from determining how much they have been paid, but they do complain that the records do not reflect the pay period each check covers. (Doc. 85 at 8). The point of this objection is obscure. The plaintiffs do not allege that they were paid less than 100% of the straight time owed them; they complain only that they were not paid any of the overtime owed them, and the defendant agrees that it has paid no overtime. Thus, the payroll records are unnecessary to a

---

[4] For example, while plaintiff Jackson's daily report for June 4-10 does not reflect the year at issue, non-party Cave's daily report for the same period reflects that the year is 2012. (Plaintiffs' Exhibit 23 at 2, 5). June 4, 2012 was, as predicted, a Monday.

[5] The daily reports include extra shifts the plaintiffs worked. For example, plaintiff Rawleigh Pritchett apparently worked regular seven-day schedules beginning May 14, June 4 and July 2, 2012 (each a Monday) and also extra shifts or partial shifts on June 25, 28 and 29 and July 9, 10, 11, 13 and 14, 2012. (Plaintiffs' Exhibit 23 at 8, 14, 23, 31, 41). Payroll status forms also reflect extra shifts and time missed. (*E.g.*, Defendant's Exhibits 14-16). The plaintiffs' argument ignores these latter documents.

calculation of the plaintiffs' damages; all of the plaintiffs' hours are recorded, and their damages are the product of those hours (in excess of 40 in a workweek) times 150% of their hourly rate.

The chief dispute in this action (now that the exemption issue has been resolved) is the applicable workweek.  Using a Monday-Sunday workweek (paralleling their work schedule), the plaintiffs generally worked 44 hours of overtime every second week[6] while, using the Friday-Thursday workweek the defendant champions, the plaintiffs generally worked only eight hours of overtime every second week.[7]  The plaintiffs complain that the defendant does not maintain the legally required records showing the day of the week on which their workweek begins.  (Doc. 85 at 8).[8]  They also object that the defendant does not maintain records reflecting the total hours worked each workweek.  (*Id*.).  Herein lies the nub of the plaintiffs' discontent:  they believe the defendant should maintain and produce records that, without any mathematical or other effort on the plaintiffs' part, displays the total of their hours for each workweek – presumably, under both a Monday-Sunday and a Friday-Thursday workweek.  The bottom line, if you like.

Assuming without deciding that it is a violation of Section 516.2(7) for an employer not to create and maintain a single record that expressly states the total

---

[6] This is because each plaintiff, who generally worked seven consecutive 12-hour shifts from Monday through Sunday, followed by a week off, would work all 84 hours in a single workweek, followed by zero hours in the next workweek.

[7] This is because each plaintiff's seven consecutive days of work would be split between two workweeks, with four days (Monday through Thursday), or 48 hours, in the first workweek and three days (Friday through Sunday), or 36 hours, in the second workweek.

[8] That may depend on what the plaintiffs' workweek actually is.  "If the employee is part of a workforce … all of whose workers have a workweek beginning at the same time on the same day, a single notation of the time of the day and beginning day of the workweek for the whole workforce … will suffice …." 29 C.F.R. § 516.2(5).  The defendant's employee handbook provides that "Werner Enterprises' work week runs from Friday to Thursday with pay periods every other Friday." (Defendant's Exhibit 10 at 7).

number of hours worked by an employee in a given workweek,[9] the plaintiffs have not shown that such a failure triggers the *Anderson* remedy. As the defendant notes, (Doc. 77 at 29-30), the Eleventh Circuit "has employed the burden-shifting analysis in situations where no records were kept at all or no overtime was recorded." *Etienne v. Inter-County Security Corp.*, 173 F.3d 1372, 1376 (11th Cir. 1999) (noting that the Circuit has never applied the analysis in any other situation and declining to be the first). *Anderson* itself reflects that the purpose of the remedy is "not to penalize the employee by denying him any recovery on the ground that he is *unable to prove* the precise extent of uncompensated work." 328 U.S. at 687 (emphasis added). The remedy is triggered only when "the employer's records are inaccurate or inadequate *and the employee cannot offer convincing substitutes ….*" *Id.* (emphasis added). When the employer has kept no records, or when it has ordered employees to work off the clock, it may fairly be said that the employee is "unable to prove the precise extent of uncompensated work" and has no "convincing substitutes." But when, as here, the employer has accurate records from which the uncompensated overtime may be ascertained, the mere inconvenience to the plaintiffs of reviewing those records and doing the math themselves does not excuse them from doing so. Whatever arguments might be made to the contrary, the plaintiffs – who have not acknowledged either *Etienne* or the key passages of *Anderson* – have not raised them.[10]

---

[9] The plaintiffs have cited no authority construing Section 516.2(7).

[10] The plaintiffs' ipse dixit that it will require "hundreds of hours to determine just what shifts were actually worked," (Doc. 95 at 6), cannot be taken at face value, not least because it incorrectly assumes the plaintiffs must review their driver logs, daily vehicle inspection reports and daily shuttle activity logs, even though there is no indication these documents do or could reflect different hours and days of work than the daily reports and payroll status forms. In any event, this argument is but another articulation of the plaintiffs' position that mere inconvenience opens the door to the *Anderson* remedy.

## CONCLUSION

For the reasons set forth above, the defendant's motion for summary judgment as to proof of damages is **granted** and the plaintiffs' competing motion is **denied**. The plaintiffs may not invoke the *Anderson* methodology. This ruling governs all further proceedings in this action, including trial.

DONE and ORDERED this 21st day of July, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE
