IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CORNELIUS SMITH, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 14-0107-WS-B |
| | ) |
| WERNER ENTERPRISES, INC., | ) |
| | ) |
|     Defendant. | ) |

## ORDER

This matter is before the Court on the defendant's motion for summary judgment as to plaintiff Cornelius Smith and on the defendant's motion to strike. (Docs. 90, 104). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 91-92, 101, 106, 113), and the motion is ripe for resolution. After careful consideration, the Court concludes that both motions are due to be denied.

## BACKGROUND

Smith and other plaintiffs filed this FLSA action in March 2014, alleging that the defendant has not paid them overtime compensation to which they are entitled. In May 2014, the defendant filed a motion for summary judgment, asserting that Smith is judicially estopped from seeking monetary compensation for any overtime violation because he had not disclosed this claim in his Chapter 13 bankruptcy proceedings. (Doc. 9). After full briefing, the Court denied the defendant's motion. *Smith v. Werner Enterprises, Inc.*, 65 F. Supp. 3d 1305 (S.D. Ala. 2014). The defendant now re-asserts its judicial estoppel argument.

## DISCUSSION

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). The moving party may meet its burden in either of two ways: (1) by "negating an element of the non-moving party's claim"; or (2) by "point[ing] to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden." *Id*. "Even after *Celotex* it is never enough simply to state that the non-moving party cannot meet its burden at trial." *Id*.; *accord Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000); *Sammons v. Taylor*, 967 F.2d 1533, 1538 (11th Cir. 1992).

"When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. [citation omitted] In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof, no reasonable jury could find for the nonmoving party." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc) (emphasis in original); *accord Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).[1]

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if

---

[1] Judicial estoppel is an affirmative defense. *E.g., Mirando v. United States Department of Treasury*, 766 F.3d 540, 544 (6th Cir. 2014); *Nature Conservancy v. Wilder Corp.*, 656 F.3d 646, 650 (7th Cir. 2011); *Reed v. City of Arlington*, 650 F.3d 571, 576 (5th Cir. 2011); *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1227 (10th Cir. 2011).

any, showing the non-movant has made." *Fitzpatrick*, 2 F.3d at 1116; *accord Mullins*, 228 F.3d at 1313; *Clark*, 929 F.2d at 608.

"If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick*, 2 F.3d at 1116. "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

There is no burden on the Court to identify unreferenced evidence supporting a party's position.[2] Accordingly, the Court limits its review to the exhibits, and to the specific portions of the exhibits, to which the parties have expressly cited. Likewise, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment," *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599

---

[2] Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."); *accord Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("The district court has discretion to go beyond the referenced portions of these [summary judgment] materials, but is not required to do so."). "[A]ppellate judges are not like pigs, hunting for truffles buried in briefs," and "[l]ikewise, district court judges are not required to ferret out delectable facts buried in a massive record …." *Chavez v. Secretary, Florida Department of Corrections*, 647 F.3d 1057, 1061 (11th Cir. 2011) (internal quotes omitted).

(11th Cir. 1995), and the Court accordingly limits its review to those arguments the parties have expressly advanced.

In its order denying the defendant's previous motion for summary judgment, the Court engaged in a thorough analysis of the judicial estoppel doctrine and key cases addressing it.  Nothing in the instant motion requests the Court to reconsider that analysis or impels the Court to do so.  The only question is whether the factual backdrop of this case has been so altered as to eliminate any genuine issue of material fact and require entry of judgment in the defendant's favor.

In denying the defendant's previous motion for summary judgment, the Court relied on the plaintiff's declaration that he "was not aware of a potential claim for overtime pay until mid February of this year [2014]."  (Doc. 19-1).  The defendant argues that the plaintiff's deposition, which was previously unavailable, reflects that the plaintiff "had knowledge of a potential overtime wage claim" by early 2011.  (Doc. 91 at 9).  The defendant moves the Court to disregard the plaintiff's declaration as a sham, leaving his deposition testimony as uncontroverted.  (Doc. 104).

The defendant emphasizes that the plaintiff heard "conversations about overtime" in early 2011 among co-workers wondering whether they should be paid overtime, that he spoke with several co-workers about the question, and that he "met with an attorney regarding a possible claim for overtime wages" sometime before March 2012.  (Doc. 91 at 2-3).  The plaintiff's testimony reflects that he heard other employees "question" whether they should receive overtime pay, with one telling him they were "supposed to be paid overtime."  (Doc. 92-2 at 60, 62, 68-69).  When the plaintiff first heard this chatter, he "assumed that Werner knew what they [Werner] were doing," but that, when other employees mentioned getting a lawyer, he "started to question about overtime pay."  (*Id*. at 61).  The defendant assumes that having "questions" about overtime pay is, in fact and in

4

the law of judicial estoppel, the same thing as being aware of a potential claim for overtime pay, but it offers no analysis and no authority to support its assumption. The Court has no duty to fill this void on the defendant's behalf, and it declines to do so.

While the plaintiff, along with other employees, met with an attorney, the defendant offers no evidence of what the plaintiff heard at that meeting and no evidence of what the plaintiff understood following the meeting. This case is thus unlike *Ajaka v. Brooksamerica Mortgage Corp.*, 453 F.3d 1339 (11th Cir. 2006), in which counsel informed the plaintiff "that he may have a viable claim under TILA," *id*. at 1342, triggering a disclosure obligation. While the plaintiff's attendance at a meeting with counsel and other employees may support an inference that he was from that point aware of a potential FLSA claim, without more information this evidence cannot be dispositive as to that point.

"When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." *Van T. Junkins & Associates, Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 657 (11th Cir. 1984).[3] "This rule is applied sparingly because of the harsh effect [it] may have on a party's case." *Allen v. Board of Public Education*, 495 F.3d 1306, 1316 (11th Cir. 2007) (internal quotes omitted). "[T]o allow every failure of memory or variation in a witness' testimony to be disregarded as a sham would require far too much from lay witnesses and would deprive the trier of fact of the traditional opportunity to determine which point in time and with which words the ... affiant ... was telling the truth." *Id*. (internal quotes omitted). Thus, there must be an "inherent inconsistency" between affidavit and deposition before the former may be disregarded as sham.

---

[3] The defendant assumes the same rule applies when the affidavit or declaration precedes the deposition. Because it is unnecessary to the proper resolution of the instant motions, the Court indulges that assumption.

*Id*.; *accord Latimer v. Roaring Toyz, Inc*., 601 F.3d 1224, 1237 (11th Cir. 2010).  If "it is possible that the apparent contradiction derives not from purposeful fabrication but instead from dialectical misunderstanding," the affidavit may not be disregarded as a sham.  *Strickland v. Norfolk Southern Railway Co*., 692 F.3d 1151, 1162 (11th Cir. 2012).  Unless the tension reaches this elevated level, "the general rule allowing an affidavit to create a genuine issue even if it conflicts with earlier testimony in the party's deposition ... governs."  *Rollins v. TechSouth, Inc*., 833 F.2d 1525, 1530 (11th Cir. 1987) (internal quotes omitted).

For the reasons set forth above, the plaintiff's declaration does not satisfy the stringent standard under the "sham affidavit" rule.  While it may no longer be uncontroverted that the plaintiff was, in a legally relevant sense, unaware of a potential FLSA claim until February 2014, neither is it uncontroverted that he was, in that legally relevant sense, so aware at any earlier point.  There is at best a genuine issue of material fact, and the defendant cannot obtain summary judgment in the face of such an issue.

## CONCLUSION

For the reasons set forth above, the defendant's motion for summary judgment and motion to strike are **denied**.

DONE and ORDERED this 21st day of July, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE