IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CORNELIUS SMITH, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) CIVIL ACTION 14-0107-WS-B |
| WERNER ENTERPRISES, INC., | ) ) ) |
| Defendant. | ) |

## ORDER

Plaintiff William Newton and the defendant have filed a joint motion for approval of settlement agreement. (Doc. 123). "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). "[T]he rule of *Lynn's Food Stores* applies to settlements between former employees and employers" just as it does to agreements by current employees. *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013).

The Court is unusually familiar with this case, as it has entered numerous rulings on the substantive motions presented by the parties, both in this case and in *Pritchett v. Werner Enterprises, Inc.*, Civil Action No. 12-0182-WS-C. In light of this familiarity, the Court is unable to conclude that the settlement with Newton is fair and reasonable. Each of the plaintiffs here and in *Pritchett* appears to be in essentially the same position regarding the strengths and weaknesses of his or her case, yet the settlement with Newton leaves him far worse off than the other settling plaintiffs, for no reason the Court can discern or imagine.

David Foster, whose settlement the Court has approved by separate order, will receive under that settlement over 91% of the non-liquidated damages he

would receive were he to prevail at trial on both the workweek and lunch break issues. (Doc. 122 at 4). Each of the twelve plaintiffs in *Pritchett* received approximately 106% of the non-liquidated damages they would have received had they prevailed at trial on these issues. (*Pritchett*, Doc. 127 at 4-6). Newton, in contrast, would receive under the proposed settlement only 22% of what he would be awarded under the same circumstances. While there is of course a range of reasonable outcomes in any case, the parties have not persuaded the Court that a settlement awarding Newton less than a quarter of what all other plaintiffs have received falls within that range.

  For the reasons set forth above, the joint motion for approval of settlement agreement is **denied**.

  DONE and ORDERED this 27th day of July, 2015.

        s/ WILLIAM H. STEELE
        CHIEF UNITED STATES DISTRICT JUDGE