IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CORNELIUS SMITH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION 14-0107-WS-B |
| ) | |
| WERNER ENTERPRISES, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on the plaintiffs' motion for leave to supplement. (Doc. 154). The defendant has filed a brief in opposition, (Doc. 156), the plaintiffs have filed a reply, (Doc. 158), and the matter is ripe for resolution.

On September 3, 2015, the Court approved the parties' settlement of this FLSA action. (Docs. 145-46). On the same date, the Court ordered the plaintiffs to file any motion for attorney's fees and related nontaxable expenses on or before October 1, 2015, "failing which no such fees or expenses will be awarded." (Doc. 147). The Court also instructed that any such motion "shall be accompanied by … any … evidence the plaintiffs deem necessary in support of their motion." (*Id*.).

The plaintiffs timely filed a motion for attorney's fees, costs and expenses, seeking an award of approximately $190,000. (Doc. 152). On October 6, 2015, the plaintiffs filed the instant motion, seeking permission to add exhibits in support of a further award of $7,177.50, representing post-settlement fees (through October 1) of one attorney. (Doc. 154-1 at 4). The explanation given is that, as of October 1, counsel had not prepared time sheets for this time and had mistakenly assumed he could submit the records as late as in conjunction with the plaintiffs' reply brief on October 23. (Doc. 154 at 2).

The defendant correctly asserts this is a poor explanation, given the Court's explicit directive to file "any … evidence" supporting the motion no later than October 1.[1]  The plaintiffs' response that surely they could file, after October 1, supplemental material covering the period after October 1, (Doc. 158 at 2-3), misses the point; all the evidence made the subject of the instant motion relates to time expended on or before October 1.  (Doc. 154-1).

Although unnoted by the parties, the plaintiffs' motion is governed by Rule 6(b).  When, as here, a motion for extension of time is not filed until after the deadline has expired, the movant must show that it "failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(2).[2]  Whether "excusable neglect" exists under Rule 6(b) is to be evaluated under the standard set forth in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993).[3]  Under *Pioneer*, the factors governing the excusable neglect analysis include "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Id*. at 395.  Of these considerations, "the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration are of primary importance …."  *In re:  Worldwide Web Systems, Inc*., 328 F.3d 1291, 1297 (11th Cir. 2003) (internal quotes omitted).

The plaintiffs deny that the defendant would be prejudiced by their late filing.  (Doc. 154 at 3).  The defendant, which focuses exclusively on the perceived weakness of the plaintiffs' excuse for being tardy, ignores prejudice

---

[1] The plaintiffs' suggestion that "any" does not in this context mean "all," (Doc. 158 at 2), will not bear scrutiny.

[2] Rule 6 applies to deadlines imposed by court order.  Fed. R. Civ. P. 6(a); *Valley Drug Co. v. Geneva Pharmaceuticals, Inc*., 262 Fed. Appx. 215, 216 (11th Cir. 2008).

[3] *See, e.g., Sosa v. Airprint Systems, Inc*., 133 F.3d 1417, 1418 n.2 (11th Cir. 1998); *Glover v. City of Pensacola*, 372 Fed. Appx. 952, 955 (11th Cir. 2010).

altogether. Moreover, the delay is only five days (three business days), a period so brief as to practically negate both prejudice and adverse impact on the judicial proceedings. With these "primary" factors firmly in the plaintiffs' favor, and with no hint or allegation of bad faith by the plaintiffs, their carelessness in not timely filing their proof as to some 4% of their demand can scarcely tip the balance in favor of the defendant.

For the reasons set forth above, the plaintiffs' motion for leave to supplement is **granted**. The plaintiffs are **ordered** to file and serve their supplemental materials, (Docs. 154-1, -2), on or before **October 20, 2015**. The defendant is **ordered** to file and serve any response to the supplemental materials on or before **October 21, 2015**.[4] The plaintiffs are **ordered** to incorporate any reply into the reply brief previously authorized and due on or before **October 23, 2015**. (Doc. 153).

DONE and ORDERED this 19th day of October, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] The defendant, having been in possession of this material since October 6, cannot reasonably require additional time to respond to it.